Hart
v.
Deamer.

HART *vs.* DEAMER, by McDermut, his committee.

Where a committee of a *lunatic* applied for and obtained a *feigned issue* to try the question, whether or not, at the time of the execution of a bond and warrant, by virtue of which a judgment was entered against the lunatic, he was of unsound mind, and the issue was determined against the committee, a rule was granted that the committee pay to the plaintiff in the judgment, besides the taxable costs of the feigned issue, counsel fees and all other necessary expenditures, it appearing that the bond and warrant were executed to indemnify the plaintiff as an endorser for the lunatic.

A JUDGMENT was entered in favor of *Hart* v. *Deamer,* on June 9. a bond and warrant of attorney.   Deamer was found a lunatic on a writ of lunacy, and McDermut was appointed his committee, who applied to this court and obtained leave to

ALBANY,
June, 1831.

Hart
·v.
Deamer.

make up a feigned issue to try the question, whether or not, at the execution of the bond and warrant, Deamer was of unsound mind. The feigned issue was tried, and on the trial it was conceded that, previous and subsequent to the execution of the papers, Deamer labored under a general insanity, but the question was submitted to the jury whether or not, at the execution of the papers, he enjoyed a lucid interval; the jury found that the papers were executed during a lucid interval. The plaintiff now asks, that the rule staying proceedings on his judgment be vacated, and that McDermut, the committee of Deamer, pay the costs of the feigned issue; and inasmuch as the bond and warrant were executed to indemnify Hart, as the endorser of Deamer, that the committee also pay, besides the taxable costs, counsel fees and all other expenditures necessarily incurred in the defence of the judgment. On the part of the committee it was shewn that he acted in good faith, and that there was reason to apprehend that the property of Deamer would not be sufficient to satisfy the plaintiff's debt, and the taxable costs on both sides.

*By the Court*, NELSON, J. The plaintiff, as the surety of Deamer, is entitled to full indemnity; the taxable costs would not make him whole. The proceeding had in this case is of an extraordinary character, and a party who sets it on foot, does so at his peril. The motion of the plaintiff is granted.